UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WILLIAMS, | No. 2:24-cv-00400 DB P |
| Petitioner, | |
| v. | <u>ORDER</u> AND |
| UNKNOWN, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Respondent. | |

Petitioner Brian Williams seeks habeas corpus relief and seeks leave to proceed in forma pauperis. (ECF Nos. 1, 2.) Examination of the affidavit submitted in support of a motion for leave to proceed in forma pauperis reveals petitioner is unable to afford the costs of this action. Leave to proceed in forma pauperis is granted. <u>See</u> 28 U.S.C. § 1915(a).

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**I. Background and Petitioner's Allegations**

Petitioner stands convicted in the Sacramento County Superior Court of murder in the second degree with personal use of a firearm. (ECF No. 1 at 1.) Following passage of Senate Bill

1

1 No. 1437, petitioner sought to vacate his conviction under California Penal Code § 1170.95. (ECF
2 No. 1 at 3, 47.) The Sacramento County Superior Court denied the petition on September 23,
3 2020. (Id. at 3, 47-48.) Petitioner appealed the denial of relief to the California Court of Appeal,
4 Third Appellate District. (Id.) The California Court of Appeal affirmed the denial of the petition
5 under § 1170.95. (Id.) The present federal petition does not indicate whether petitioner has
6 presented the claims he now brings to the highest state court having jurisdiction. (Id.)

Petitioner alleges the state court decision denying his request for relief under Penal Code § 1170.95 constitutes an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. (ECF No. 1 at 10-31.) He claims he was deprived of his constitutional rights to due process and equal protection of the laws based on the court of appeal's construction of state sentencing laws. (Id. at 31-40.)

**II. Failure to Exhaust**

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Petitioner has not alleged he exhausted state court remedies. To the contrary, it appears from the petition's allegations and argument that he did not present his current claims to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available. On this basis, the petition is subject to dismissal without prejudice.

**III. The Claims are Without Merit**

Even if petitioner has exhausted state court remedies on the present claims, they are without merit. The petition should be dismissed without leave to amend.

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2

1       "Senate Bill 1437 made statutory changes altering the definitions of malice and first and

2 second degree murder." People v. Martinez, 31 Cal.App.5th 719, 722 (2019). Senate Bill 1437

3 amended several sections of the California Penal Code and added language to Penal Code §

4 1170.95, "which provides a procedure by which those convicted of murder can seek retroactive

5 relief if the changes in law would affect their previously sustained convictions." Id. Whether

6 petitioner is entitled to relief under the change to Penal Code § 1170.95 et seq. is solely a matter

7 of state law. See Smith v. Phillips, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas

8 corpus reaches only convictions obtained in violation of some provisions of the United States

9 Constitution."); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("In conducting habeas

10 review, a federal court is limited to deciding whether a conviction violated the Constitution laws

11 or treaties of the United States.").

12       A petitioner may seek federal habeas relief from a state court conviction or sentence "only

13 on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

14 States." 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (per curiam). A mere

15 error by a state court in the interpretation or application of its own state's sentencing laws,

16 without more, is not a cognizable ground for relief in a federal habeas corpus proceeding. See,

17 e.g., Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for

18 errors of state law"); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (whether assault

19 with deadly weapon was serious felony under state enhancement statute was state law question

20 not cognizable on federal habeas review).

21       Petitioner's allegation that he is entitled to relief based on Senate Bill 1437 which

22 amended California Penal Code § 1170.95 is not cognizable in federal habeas. See Cole v.

23 Sullivan, 480 F. Supp. 3d 1089, 1097 (C.D. Cal. 2020) (finding claim challenging denial of

24 petition for resentencing under § 1170.95 was not cognizable in federal habeas proceeding);

25 Matlock v. Kibler, No. 2:21-cv-0271 GGH P, 2021 WL 1566467 at *1 (E.D. Cal. Mar. 22, 2021)

26 (dismissing petition alleging state court error in denying petition for resentencing pursuant to §

27 1170.95) findings and recommendations adopted, No. 2:21-cv-0271 WBS GGH P, 2021 WL

28 1561954 (E.D. Cal. Apr. 21, 2021).

Petitioner also argues the state court's denial of relief violated his due process and equal protection rights. However, a habeas petitioner "may not ... transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996), cert. denied, 522 U.S. 881 (1997); see also Carter v. Koenig, No. No. CV 19-8954 PSG (SS), 2019 WL 6331375, at *4-5 (C.D. Cal. Oct. 30, 2019) ("fact that Petitioner characterizes [Section 1170.95] claims as a violation of his federal constitutional rights is not sufficient, without more, to state a federal claim"), report and recommendation adopted, 2019 WL 6330638 (C.D. Cal. Nov. 22, 2019); accord Contreras v. Rackley, 2018 WL 1258234, at *2 (S.D. Cal. Mar. 9, 2018) (claim that petitioner was denied "due process" and "equal protection" by allegedly erroneous application of state sentencing law to find petitioner ineligible for resentencing under Proposition 36 did not raise a cognizable federal habeas corpus claim).

A state court's misapplication of state sentencing law may violate due process if a petitioner can demonstrate a state sentencing error that was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40, 50 (1992). Here, petitioner fails to demonstrate an arbitrary or capricious error of state law. The state court determined petitioner was the actual killer in his case and was not convicted on a felony murder or aiding and abetting theory. (See ECF No. 1 at 48.) Because petitioner was convicted as the actual killer in his case, he is not eligible to be resentenced pursuant to § 1170.95. (See id.) Petitioner fails to demonstrate an error of state law or that the denial of his petition for resentencing was so arbitrary or capricious as to deprive him of due process.

Petitioner also fails to state a claim for a violation of his equal protection rights. Equal protection claims arise when similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). The state appellate court held that because petitioner was convicted of murder as the actual killer, he is not similarly situated to persons convicted of murder under a theory of aiding and abetting who are afforded relief under Penal Code § 1170.95. (See ECF No. 1 at 43.)

In the present federal petition, "Petitioner contends he is not arguing the state has adopted a classification that [a]ffects two or more similarly situated groups in an unequal manner. Instead,

4

he argues California court's policy of excluding a principal like him from Subdivision (a)(3) of Penal Code § 188 violates his constitutional right to equal protection of the laws." (Id. at 34.) If petitioner is not arguing the state classification treats him differently from other similarly situated individuals, however, then his claim is not an equal protection claim, but rather, a claim of error in the application of state law which is not cognizable for the reasons set forth above. That petitioner's claim fundamentally asserts state law errors is evident from the remainder of his argument citing state law. (See id. at 37-40.)

### IV. Order and Recommendation

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. The Clerk of the Court shall assign a district judge to this case.

In addition, IT IS HEREBY RECOMMENDED as follows:

1. The petition for writ of habeas corpus (ECF No. 1) be dismissed without leave to amend.

2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 4, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
will0400.scrn.fr